IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TODD PATRICK DAVIS,

    Plaintiff,

v.                                    Civil Action No. 5:16CV53
                                              (STAMP)

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DECLINING TO AFFIRM AND ADOPT REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE IN ITS ENTIRETY,
GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING THE PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

I.    Background

On February 13, 2013, the plaintiff Todd Patrick Davis ("Davis") protectively filed his first application under Title II of the Social Security Act for a period of disability and Disability Insurance Benefits ("DIB") and under Title XVI of the Social Security Act for Supplemental Security Income ("SSI"). The plaintiff alleged disability that began on January 16, 2009, and December 20, 2010, later amended to December 31, 2010.

This claim was initially denied on May 16, 2013, and denied again upon reconsideration on July 24, 2013. On July 21, 2014, the plaintiff filed a written request for a hearing, which was held before Administrative Law Judge ("ALJ") Mary Peltzer on August 13, 2014, in Charlottesville, Virginia.

On November 6, 2014, the ALJ issued an unfavorable decision to the plaintiff, finding that he was not disabled within the meaning

of the Social Security Act.  On February 19, 2016, the Appeals Council denied the plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

On April 18, 2016, the plaintiff filed a complaint to obtain judicial review of the final decision of the defendant, Acting Commissioner of Social Security Carolyn Colvin,[1] pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g).  ECF No. 1.

On June 20, 2016, the Commissioner filed an answer and the administrative record of the proceedings.  ECF Nos. 6 and 7.

On July 20, 2016, the plaintiff filed a motion for judgment on the pleadings (ECF No. 9) and on August 11, 2016, the Commissioner filed a motion for summary judgment (ECF No. 11).

Following review of the motions by the parties and the administrative record, United States Magistrate Judge Michael John Aloi issued a report and recommendation on July 28, 2017.  ECF No. 13.  The magistrate judge recommended that "Plaintiff's Motion for Summary Judgment[2] (ECF No. 9) be granted, Defendant's Motion for Summary Judgment (ECF No. 11) be denied, and the decision of the

---

[1]After this suit was filed, Nancy A. Berryhill replaced Commissioner Carolyn W. Colvin as the Acting Commissioner of Social Security.  Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Nancy A. Berryhill was substituted for Carolyn W. Colvin as "Commissioner" or "Defendant".

[2]The magistrate judge's report and recommendation (ECF No. 13) mistakenly refers to the plaintiff's motion for judgment on the pleadings (ECF No. 9) as "Plaintiff's Motion for Summary Judgment" (ECF No. 13 at 13).

2

Commissioner be vacated and that the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings." ECF No. 13 at 13.

The defendant then filed objections to the magistrate judge's report and recommendation on August 8, 2017. ECF No. 14. The plaintiff filed a response to the defendant's objections on August 22, 2017. ECF No. 15.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the defendant filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

A. Contentions by the Parties

The plaintiff, in his motion for judgment on the pleadings, asserts that the Commissioner's decision "is contrary to the law and is not supported by substantial evidence when the record as a whole is reviewed by this Court." ECF No. 9 at 1. Specifically, the plaintiff alleges that: (1) the ALJ erred by failing to find

3

Davis's carpal tunnel syndrome to be a severe impairment at step two; (ECF No. 10 at 10) and (2) the ALJ erroneously failed to address Davis's limitations as a result of carpal tunnel syndrome, when she posited her controlling hypothetical question and made her Residual Functional Capacity ("RFC") finding (ECF No. 10 at 11).

The defendant, in her motion for summary judgment, asserts that the Commissioner's decision is "supported by substantial evidence and should be affirmed as a matter of law." ECF No. 11 at 1. Specifically, the defendant states: "Plaintiff's sole argument on appeal is that the ALJ should have determined that his carpal tunnel syndrome was a severe impairment at step two of the sequential evaluation process and the ALJ's failure to do so constitutes reversible error." ECF No. 12 at 7. The defendant argues that substantial evidence supports the ALJ's finding that the plaintiff's carpal tunnel syndrome was a non-severe impairment, and that the issue is further nondispositive in this instance as the ALJ proceeded beyond step 2. ECF No. 12.

Following review of the administrative record, Magistrate Judge Aloi found that "the Commissioner's decision denying the plaintiff's application for Disability Insurance Benefits and Supplemental Security Income is inconsistent with the law, and not supported by substantial evidence." ECF No. 13 at 13. The magistrate judge recommended that "Plaintiff's Motion for Summary Judgment[3] (ECF No. 9) be granted, Defendant's Motion for Summary

---

[3]See supra, footnote 2.

Judgment (ECF No. 11) be denied, and the decision of the Commissioner be vacated and that the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings." ECF No. 13 at 13.

The defendant then objected to the magistrate judge's report and recommendation "because substantial evidence supports the administrative law judge's (ALJ) decision and the ALJ adequately explained her analysis of the relevant medical evidence." ECF No. 14 at 1. Specifically, the defendant states: "Magistrate Judge Aloi correctly found that it was not error for the ALJ to find Plaintiff's carpal tunnel syndrome non-severe." ECF No. 14 at 2. The defendant asserts, "the ALJ reasonably found that, while Plaintiff had several severe physical and mental impairments, his carpal tunnel syndrome was non-severe, a finding that means that Plaintiff's carpal tunnel syndrome by definition did not have more than a minimal limitation on Plaintiff's ability to do basic work activities." ECF No. 14 at 2. The defendant goes on to add, "[a]s the ALJ found that Plaintiff's carpal tunnel syndrome was minimal, the ALJ was not required to include any resulting limitations in Plaintiff's RFC." ECF No. 14 at 4.

The defendant argues that Magistrate Judge Aloi erred by finding that the ALJ failed to analyze the plaintiff's non-severe carpal tunnel syndrome throughout the rest of the sequential process and states: "A plain reading of the decision shows that the ALJ thoroughly considered and discussed all of the evidence

pertaining to Plaintiff's carpal tunnel syndrome, as well as Plaintiff's other non-severe impairments, in her RFC analysis." ECF No. 14 at 5.

The defendant adds, "[h]ere, contrary to Magistrate Judge Aloi's finding, the ALJ properly addressed Plaintiff's non-severe carpal tunnel syndrome in her RFC assessment" (ECF No. 14 at 6) and asserts, "the ALJ's decision enjoys the support of substantial evidence and comports with law." (ECF No. 14 at 10).

The plaintiff's response in support of adopting the magistrate judge's report and recommendation asserts, "[t]he Magistrate Judge correctly found that the ALJ erred in failing to account for limitations caused by Davis's Carpal Tunnel Syndrome in her Controlling Hypothetical to the VE and in her RFC." ECF No. 15 at 2. The plaintiff adds: "Defendant Commissioner presents an argument that she did not raise before the Magistrate Judge [arguing] that because the ALJ found Davis's carpal tunnel syndrome to be non-severe, she was not required to include limitations arising from the carpal tunnel syndrome in her hypothetical questions or the RFC." ECF No. 15 at 2. The defendant asserts, "[t]he Commissioner's presentation of a new issue in her Objections in an effort to re-litigate the issue should not be countenanced by this Court." ECF No. 15 at 4.[4]

---

[4]Although the plaintiff includes an error in his response which names a different the plaintiff by the name of "Robert Huffman" (ECF No. 15 at 1) and further "requests that this Court reject the proposed findings and recommendations of the magistrate judge," (ECF No. 15 at 1), the remainder of the "argument in

B. Analysis

As the defendant objects to the entirety of the magistrate judge's report and recommendation, this Court conducted a de novo review of the entire report and recommendation.

In reviewing an administrative finding of no disability, the scope of review is limited to determining whether "the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). It is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment . . . if the decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (citing Laws, 368 F.2d at 642; Snyder v. Ribicoff, 307 F.2d 518, 529 (4th Cir. 1962)).

In determining the issue of whether the claimant was disabled under Sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act, the ALJ concluded that the claimant has not been under a disability within the meaning of the Social Security Act

---

support of adoption" in the response corrects this contradiction and cures this misstatement by reaffirming the plaintiff's argument in support of this Court adopting the magistrate judge's report and recommendation (ECF No. 15).

from September 28, 2011, through November 6, 2016, the date of the ALJ's decision. ECF No. 7-2 at 29.

After "careful consideration of the entire record," the ALJ found that the claimant plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." ECF No. 7-2 at 15. The ALJ found that, "[a]long with the impairments considered 'severe', the claimant also has a history of bilateral carpal tunnel syndrome". ECF No. 7-2 at 14. The ALJ found the claimant had multiple non-severe impairments and several severe impairments. ECF No. 7-2 at 14. The ALJ then referred to the plaintiff's non-severe impairments, including the plaintiff's claim of carpal tunnel syndrome, and stated:

> Despite seeking and receiving treatment for these impairments, there are no indications from the evidence of record that these impairments, alone or in combination, have had more than a minimal effect on the claimant's functional capabilities for the twelve-month durational requirement of the regulations. Therefore, the above-listed impairments are not considered severe.

In assessing a claimant's RFC, the ALJ is required to consider the combined effects of all of a claimant's impairments, severe and non-severe, throughout the subsequent steps of the process. 20 C.F.R. §§ 404.1523, 416.923. The ALJ stated that in making her finding, she considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the

objective medical evidence an other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p."  ECF No. 7-2 at 17.

The ALJ noted the claimant plaintiff's reporting of "chronic hand numbness" and consequent problems with "holding/grasping objects."  ECF No. 7-2 at 18.  Further, the ALJ specifically acknowledged the claimant plaintiff's "history of diagnoses of bilateral carpal tunnel syndrome."  ECF No. 7-2 at 18.  The ALJ referenced physical examinations of the plaintiff's upper extremities and found that the evidence of record "does not establish ineffective ambulation or an inability to perform fine or gross movements effectively."  ECF No. 7-2 at 15.

The defendant states in her objections to the report and recommendation that, "the ALJ noted that during a consultative examination in April 2013, Plaintiff did not allege disability due to carpal tunnel syndrome and he had 5/5 grip strength; no atrophy, tenderness, redness, warmth, or swelling; and normal range of motion (Tr. 19 citing 625)."  ECF No. 14 at 7.  Although the ALJ does not reference the underlying record, specifically Exhibit No. B7F page 3 of 5, to such an extent as posited by the defendant, and this could be an overstatement and selective paraphrasing by the defendant, it does not change the outcome of this Court's analysis as explained above.

After a <u>de novo</u> review of the magistrate judge's report and recommendation (ECF No. 13), this Court finds that the ALJ did not

9

ignore the plaintiff's non-severe impairments at subsequent steps and that the ALJ complied with all she was required to do at step two of the sequential evaluation process. The ALJ specifically considered the combined effect of all of the plaintiff's impairments and listed the plaintiff's impairments. The ALJ expressly stated, "[a]long with the impairments considered 'severe', the claimant also has a history of bilateral carpal tunnel syndrome". ECF No. 14 at 8. In assessing the plaintiff's RFC, the ALJ considered and discussed the plaintiff's non-severe carpal tunnel syndrome, and ultimately determined that it posed no functional limitations. The ALJ adequately accommodated the plaintiff's functional limitations that were supported by the evidence of record in her RFC assessment and reasonably found that, while the plaintiff had several severe physical and mental impairments, his carpal tunnel syndrome was non-severe, a finding that means the plaintiff's carpal tunnel syndrome by definition did not have more than a minimal limitation on the plaintiff's ability to do basic work activities.

This Court has reviewed the record, as well as the parties' motions and, after a de novo review, this Court finds that substantial evidence supports the ALJ's findings. This Court finds that the ALJ thoroughly considered and discussed all of the evidence pertaining to the plaintiff's carpal tunnel syndrome as well as the plaintiff's other non-severe impairments in her RFC analysis and properly addressed the plaintiff's non-severe carpal

tunnel syndrome in her RFC assessment.  Accordingly, this Court declines to adopt and affirm the magistrate judge's report and recommendation in its entirety.

## IV. Conclusion

Based upon a _de novo_ review, this Court declines to affirm and adopt the magistrate judge's report and recommendation in its entirety.  Thus, for the reasons stated above, the defendant's motion for summary judgment (ECF No. 11) is GRANTED and the plaintiff's motion for judgment on the pleadings (ECF No. 9) is DENIED.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    September 7, 2017

<span style="margin-left:50%">/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE</span>